**WILLIAMS & SHELTON et al. v. HUNTLEY et al.**

(Circuit Court of Appeals, Fourth Circuit. May 31, 1922.)

No. 1952.

Bankruptcy ⊚⇒482(3)—Allowance of attorney's fees affirmed.

An order fixing the fee allowed to attorney for petitioning creditors affirmed.

Petition to Superintend and Revise in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

In the matter of the Chesterfield Dry Goods Company, bankrupt; C. L. Huntley, trustee. Petition by Williams & Shelton and others to revise an order of the District Court. Affirmed.

R. E. Hanna, of Cheraw, S. C., for petitioners.

R. T. Caston, of Cheraw, S. C., for respondents.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

KNAPP, Circuit Judge. On the 11th of July, 1921, the above-named petitioners filed in the court below a petition in involuntary bankruptcy against the Chesterfield Dry Goods Company, of Chesterfield, S. C. R. E. Hanna was their attorney. On the following day the company itself filed a voluntary petition and was at once adjudicated bankrupt.

It appears that in March, 1921, less than four months prior to its adjudication, the bankrupt had given a mortgage for $11,880 on its stock of goods and store fixtures to the Bank of Chesterfield, which the latter had assigned to the Bank of Cheraw. On the happening of the bankruptcy, the Bank of Cheraw began proceedings to foreclose this mortgage and advertised a sale thereunder on the 18th of July. Thereupon Hanna went to Charleston and obtained from the District

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Judge an order restraining the sale until the further order of the court. Pending the selection of a trustee, the court appointed a receiver to take charge of and sell the assets of the bankrupt. The mortgaged property sold at auction for $8,100, which is claimed to be much more than it would have brought at a foreclosure sale; and it is further claimed that this favorable price resulted, at least in part, from a further order obtained by Hanna which allowed the successful bidder sufficient time to remove the stock of goods from the store.

Subsequently there was a settlement or arrangement by which all the mortgage liens were relinquished and the holders thereof came in as unsecured creditors, sharing with other creditors in a pro rata distribution. The petitioning creditors then asked for an allowance of $1,500 for attorney's fees, but the court below allowed only $300. The order directing payment of the latter sum contains the following:

"On considering the two reports of the referee herein and the testimony sent up, and all the papers in the cause, it does not appear to the court that services of any considerable character were rendered by the attorney for the petitioning creditors. A petition in involuntary bankruptcy was filed, but the bankrupt admitted insolvency and expressed a willingness to be adjudicated bankrupt, which was done. The only service performed was the obtaining an injunction against a sale of the assets of the bankrupt under a mortgage held by the Bank of Cheraw. In this matter, also, at the hearing on the rule to show cause, a receiver was appointed to hold the assets, and no very extended argument or discussion was had. Under all the circumstances, it does not appear to the court that the attorney for the petitioning creditors, Mr. R. E. Hanna, under the scale of fees allowed by this court, should receive more than the sum of $300 recommended by the referee in bankruptcy."

This is claimed to show that the fees in dispute were not fixed on the basis of compensation for services rendered, but were limited to an unremunerative amount by the "scale of fees" theretofore adopted, that this scale is unreasonable as applied to the instant case, and that therefore a question of law arises which may be brought to this court by petition to superintend and revise.

Assuming the question to be properly here, we are nevertheless of opinion that petitioners misconceive the import of what is said in the order. It seems clear to us that the learned judge did not mean or hold that he was bound by the prescribed scale, and so unable to grant a larger allowance, but merely that in his judgment the attorney's services were not of such character or value as to justify an exception to the standing rule. In other words, with full knowledge of the facts, he allowed the sum deemed by him to be adequate and reasonable, and his reference to the scale was only by way of comparison. It is enough to say that the record discloses no evidence that discretion has been improvidently exercised, and therefore no ground for our interference.

Affirmed.